REALTY MORTGAGE CO. et al. v. BYRNES.

(Supreme Court, Appellate Term. May 16, 1907.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—EVIDENCE.

Where, in summary proceedings, defendant, as tenant, admitted signing a monthly lease to oblige his lessor, the former owner of the premises, but claimed he had an oral agreement with the owner by which he could continue in possession for the period of a year, it was error to exclude evidence of plaintiffs, the purchasers of the property, that they purchased the same in reliance upon the written monthly lease signed by defendant.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Realty Mortgage Company and another against Patrick J. Byrnes. From a final order in summary proceedings awarding possession of the premises in suit to defendant, and from an order denying a motion to set aside the verdict, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Franc, Newman & Newgass (Frederick F. Newman and James J. Franc, of counsel), for appellants.

Jones Cochrane, for respondent.

PER CURIAM. The tenant was in possession of the premises, No. 105 East Thirty-First street, as tenant from year to year, under a

verbal lease expiring May 1, 1905. The tenant entered into a written agreement with the landlord, on or about May 1, 1905, under which the premises were rented to him for a period of one month. On May 25, 1905, the landlord conveyed the premises to Mary E. Bannon, who on the same day conveyed the premises to one Potter, who conveyed a one-half undivided interest to the Realty Mortgage Company on June 13, 1905. The said Potter and the Realty Mortgage Company instituted this proceeding.

The tenant admitted signing the monthly lease to oblige the person who was then the owner of the premises, but claimed he had an oral agreement with the owner by which he could continue in possession for the period of a year. The present landlords attempted to prove upon the trial that they had purchased the premises in reliance upon the written monthly lease signed by the defendant, but were not permitted to do so by the rulings of the trial justice. The exclusion of this evidence was error which required a reversal of the final orders entered in the court below. As the present landlords were not permitted to present their evidence upon this question, it is impossible to determine whether the circumstances were such as to estop the tenant from asserting his yearly tenancy against them.

Orders reversed, and new trial ordered, with costs to the appellants to abide the event.